UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. HAWORTH, SR., | No. 2:13-cv-2453 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In September of 2010, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on August 9, 2009. (Transcript ("Tr.") at 10, 149.) Plaintiff's application was denied initially, (id. at 104-08), and upon reconsideration. (Id. at 112-16.) Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on April 26, 2012. (Id. at 28-73.)

1

Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 28-29.) In a decision issued on June 20, 2012, the ALJ found that plaintiff was not disabled. (Id. at 23.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since August 9, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, chronic right shoulder rotator cuff tendinitis, right knee pain, obesity, borderline intellectual functioning and a history of substance abuse (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with the following limitations: the claimant is able to lift, carry, push and/or pull 50 pounds occasionally and 25 pounds frequently. The claimant may sit for 8 hours in an 8-hour day. He may stand/walk for 6 hours in an 8-hour day. The claimant is unable to climb ladders, ropes or scaffolds. He may occasionally stoop, kneel, crouch or crawl. The claimant must avoid all exposure to work hazards, such as moving machinery or unprotected heights. The claimant is limited to occasional working above the head with his upper extremities. The claimant has no limitations in the ability to receive, remember, understand or carryout simple tasks. His ability to receive, remember, understand and carryout complex tasks is limited to occasional. The claimant has no limitations in the ability to deal with workplace changes or to make workplace judgments.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on December 16, 1957 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a

/////

>框架supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 9, 2009, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 12-23.)

On September 26, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's June 20, 2012 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 25, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

/////

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts the following two principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ improperly rejected plaintiff's own subjective testimony. (Pl.'s MSJ (Dkt. No. 15) at 14-23.[1])

**I.   Medical Opinion Evidence**

Plaintiff argues that the ALJ erred by rejecting the opinion of Dr. George Scarmon, plaintiff's treating physician. (Id. at 13-18.)

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). Finally, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).

Here, on July 28, 2011, Dr. George Scarmon, plaintiff's treating physician, completed a Medical Assessment of Ability to do Work-Related Activities (PHYSICAL) form with respect to plaintiff. (Tr. at 333.) Dr. Scarmon opined, in part, that plaintiff was able to stand/walk for two to three hours in an eight-hour work day, that he was unable to climb, bend, balance, stoop, kneel, crouch or crawl, that plaintiff was required to take ten minute breaks from work every forty-five minutes, and that plaintiff is unable to work. (Id. at 18, 333.)

The ALJ afforded Dr. Scarmon's opinion "little weight." (Tr. at 21.) In support of this determination, the ALJ stated that in light of the fact that plaintiff had obtained a prescription for medical marijuana from a physician other than Dr. Scarmon because plaintiff "did not want anyone to know [he] used it," Dr. Scarmon was "unable to consider significant evidence that may have affected his medical opinion." (Id. at 21.) The ALJ concluded that "[b]ecause Dr. Scarmon was unaware of the claimant's marijuana use, he was unable to ascertain whether the use of

1 marijuana or lack of sobriety would affect claimant's credibility regarding his symptoms of pain
2 and physical limitations," and also "was unable to consider whether and to what extent side
3 effects of the drug use would affect the claimant's physical capacities."[2] (Id.)

There is, however, nothing in the record to suggest that plaintiff did not have a valid prescription for medical marijuana. (Id. at 37.) Accordingly, there is no reason to question plaintiff's credibility based on his use of medical marijuana in this context. See Akers v. Colvin, Civil No. 12-1944-CL, 2014 WL 1236293, at *7 (D. Or. Mar. 25, 2014) ("Plaintiff's use of medical marijuana was not a clear and convincing reason to reject her credibility."); Riley v. Astrue, No. C11-5318-TSZ-MAT, 2012 WL 628540, at *10 (W.D. Wash. Feb. 7, 2012) ("Because plaintiff had medical authorization to possess and use medical marijuana for medical purposes, the ALJ's conclusion that plaintiff's marijuana use negatively impacts his credibility is rejected.").

Moreover, Dr. Scarmon's opinion indicated that it was supported by objective medical findings, including x-rays and examinations. (Tr. at 333.) In this regard, an August 9, 2009, CT scan of plaintiff's spine revealed "anterior osteophytic spurring and bony bridging at C2-C3" and "fairly marked degenerative disease at the anterior articulation of C1 and C2." (Id. at 258.) Dr. Scarmon's treatment notes referred to plaintiff as suffering from "[s]evere degenerative arthritis," (id. at 334), and x-rays of plaintiff's lumbosacral spine taken after Dr. Scarmon rendered his opinion showed "severe degenerative arthritis in [plaintiff's] thoracic and cervical spine as well as lumber spine." (Id. at 336.)

The ALJ also rejected Dr. Scarmon's opinion in part because it "fails for inconsistency with medical treatment." (Id. at 21.) In this regard, the ALJ asserted that "[i]f the claimant were truly disabled as alleged, one would expect more aggressive treatment, such as surgery, hospitalization or consultation with a specialist." (Id.) Dr. Scarmon's treatment notes, however,

---

[2] During the April 26, 2012 administrative hearing, the ALJ went even further, stating, "[w]ell, we don't look at medical marijuana. There's no such thing in this room. Marijuana is marijuana and it's still illegal. So you haven't been clean for 15 years." (Tr. at 38.) The ALJ also asserted that because Dr. Scarmon did not write plaintiff's prescription for medical marijuana, "in [the ALJ's] judgment means that he doesn't approve of it and doesn't approve of it for medical (sic) and all the side-effects, then, are a detriment. That's what the bottom line is." (Id. at 39.)

reflect his wide ranging and increasingly aggressive treatment of plaintiff, which included administering of medications, recommended weight loss, physical therapy and steroid injections. (Id. at 249-57.)

The ALJ concluded his rejection of treating physician Dr. Scarmon's opinion by stating that "[u]ltimately, the undersigned finds Dr. Scarmon's opinion conclusory, providing very little explanation of the evidence relied on in forming that opinion." (Id. at 21.) However,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). See also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice). Here, the ALJ did not set forth his own interpretations of the medical evidence or explain why they, rather than those of treating physician Dr. Scarmon, were correct.

For these reasons, the court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting treating physician Dr. Scarmon's opinion. Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his claim that the ALJ erred in his treatment of the opinion of plaintiff's treating physician.

**II.     Subjective Testimony**

Plaintiff also asserts that the ALJ erred by rejecting plaintiff's own subjective testimony. (Pl.'s MSJ (Dkt. No. 15) at 19-23.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

> symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (Tr. at 19.) Thus, the ALJ found, in part, that plaintiff's allegations regarding the severity of his symptoms and

/////

corresponding functional limitations, was not fully credible in light of the "significant gaps" in his treatment history.[3] In this regard, the ALJ noted that the evidence of record reflected that plaintiff "stopped all treatment from July 2011 through February 2012, a period of approximately 7 months." (Id. at 19.)

It is well-established that an ALJ may discredit a plaintiff's testimony for lack of consistent treatment. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (the ALJ may properly rely on failure to seek treatment during "three or four month period" to discredit plaintiff's subjective complaints). Accordingly, for this reason alone the court finds that plaintiff is not entitled to relief with respect to his claim that the ALJ erred in rejecting plaintiff's subjective testimony.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (finding that it was an abuse of discretion for the district court to remand for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that plaintiff was not disabled); Benecke, 379 F.3d at 596 ("Because the evidence establishes that Benecke would be unable to maintain employment while managing her pain and fatigue, remand for further administrative proceedings serves no useful purpose and is unwarranted."). However, where there are outstanding issues that must be

---

[3] The ALJ also found that plaintiff was not fully credible in light of his daily activities, his "statements relative to the issue of substance abuse," and his "generally unpersuasive appearance and demeanor while testifying at the hearing." (Id. at 20.) The court does not find those reasons given by the ALJ to be the required specific, clear and convincing reasons for rejecting testimony. See generally Lingenfelter, 504 F.3d at 1035-36 ("ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so"); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("One does not need to be 'utterly incapacitated' in order to be disabled.); Riley v. Astrue, No. C11-5318-TSZ-MAT, 2012 WL 628540, at *10 (W.D. Wash. Feb. 7, 2012) ("Because plaintiff had medical authorization to possess and use medical marijuana for medical purposes, the ALJ's conclusion that plaintiff's marijuana use negatively impacts his credibility is rejected.").

resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Benecke, 379 F.3d at 594.

Here, the court finds that the record has been fully developed and that the ALJ failed to provide a legally sufficient reason for rejecting the medical opinion offered by plaintiff's treating physician, Dr. George Scarmon. Moreover, if the medical opinion offered by Dr. Scarmon were credited as true, the ALJ would be required to find plaintiff disabled on remand. In this regard, a Vocational Expert testified at the administrative hearing on April 26, 2012. When asked a hypothetical question that included the limitations indicated by treating physician Dr. Scarmon's July 28, 2011 opinion, the Vocational Expert testified that the limitations indicated by that opinion precluded plaintiff from all work. (Tr. at 71-72.) Thus, had the ALJ's decision been based on the Vocational Expert's testimony in response to the proper hypothetical question that included all of plaintiff's limitations, the ALJ would have been required to find plaintiff disabled.

Accordingly, the court finds that this is a case where it is appropriate to remand with the direction to award benefits. See Martinez v. Colvin, 585 Fed. Appx. 612, 613 (9th Cir. 2014) ("if Martinez's testimony and Dr. Novak's opinion were properly credited, Martinez would be considered disabled. We therefore reverse the decision of the district court and remand with instructions to remand to the ALJ for the calculation and award of benefits")[4]; Garrison, 759 F.3d at 1023 ("Garrison satisfies all three conditions of the credit-as-true rule and . . . a careful review of the record discloses no reason to seriously doubt that she is, in fact, disabled. A remand for a calculation and award of benefits is therefore required under our credit-as-true precedents."); Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ improperly rejected the testimony of the plaintiff's examining physicians); Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994) (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician").

/////

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 23) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded with instructions to award benefits.

Dated:  March 1, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\haworth2453.ord.docx