UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. HAWORTH, SR., | No. 2:13-cv-2453 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on defendant's motion to alter or amend the judgment pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, ("Rule").[1] For the reasons explained below, defendant's motion will be denied.

PROCEDURAL BACKGROUND

In September of 2010, plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act, alleging disability beginning on August 9, 2009. (Transcript ("Tr.") at 10, 149.) Plaintiff's application was denied initially, (id. at 104-08), and upon reconsideration. (Id. at 112-16.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on April 26, 2012. (Id. at 28-73.) In a

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 5 & 7.)

1   decision issued on June 20, 2012, the ALJ found that plaintiff was not disabled. (Id. at 23.)

2   On September 26, 2013, the Appeals Council denied plaintiff's request for review of the
3   ALJ's June 20, 2012 decision. (Id. at 1-3.) Plaintiff then sought judicial review pursuant to 42
4   U.S.C. § 405(g) by filing the complaint in this action on November 25, 2013. (Dkt. No. 1.) On
5   March 2, 2015, the court found that the ALJ had failed to provide specific and legitimate reasons
6   supported by substantial evidence in the record for rejecting the opinion of plaintiff's treating
7   physician, Dr. George Scarmon. (Dkt. No. 24.) Accordingly, the court granted plaintiff's motion
8   for summary judgment, denied defendant's cross-motion for summary judgment, reversed the
9   Commissioner's decision and remanded the matter with instructions to award benefits.

10   On March 30, 2015, defendant filed the motion to alter or amend judgment now pending
11   before the court. (Dkt. No. 28.) After receiving an extension of time pursuant to the parties'
12   stipulation, plaintiff filed an opposition on May 22, 2015. (Dkt. No. 31.) Defendant filed a reply
13   on May 25, 2015. (Dkt. No. 32.)

## LEGAL STANDARD

15   A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal
16   Rules of Civil Procedure. However, reconsideration is an "extraordinary remedy, to be used
17   sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani,
18   342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice
19   § 59.30[4] (3d ed. 2000)). The Ninth Circuit has explained

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

24   Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003)
25   (quoting McDowell v. Calderon, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)). A motion to amend
26   judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or
27   present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co.
28   v. Baker, 554 U.S. 471, 486 n. 5 (2008) (quoting 11 C. Wright & A Miller, Federal Practice and

2

Procedure § 2810.1, pp. 127–28 (2d ed.1995)).

ANALYSIS

In her pending motion, the Commissioner seeks to alter or amend the March 2, 2015 judgment to "correct manifest errors of law or fact upon which the judgment is based, and to prevent manifest injustice." (Def.'s MTA (Dkt. No. 28) at 2.[2]) Specifically, defendant argues that the court's March 2, 2015 order "reflects an inaccurate assessment of the ALJ's findings related to plaintiff's marijuana use, plaintiff's conservative treatment and the evaluation of the medical opinion evidence." (Id. at 3.)

In this regard, defendant argues that "[t]he fact that medical marijuana is legal within the State of California does not change the fact that Dr. Scarmon was deprived of critical treatment information and its impact on Plaintiff's functioning."[3] (Def.'s MTA (Dkt. No. 28) at 3.) Defendant also contends that the ALJ "reasonably considered the fact that Plaintiff had not undergone surgery and other forms of aggressive treatment to alleviate his orthopedic issues," and that the ALJ properly found that Dr. Scarmon's opinion was conclusory. (Id. at 5-6.)

These arguments, however, are the same arguments defendant raised in her November 13, 2014 cross-motion for summary judgment, which this court denied. Therein, defendant argued that the ALJ's treatment of Dr. Scarmon's opinion was proper, because "the ALJ pointed out that Dr. Scarmon did not have available significant evidence that may have affected his medical opinion," that "[t]he ALJ reasoned that if Plaintiff were limited as described, one would expect more aggressive treatment," and that "the ALJ observed that Dr. Scarmon's opinion was quite conclusory." (Def.'s MSJ (Dkt. No. 23) at 7-8.) As noted above, "Rule 59(e) may not be used to

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Defendant argues that "Dr. Scarmon opined that Plaintiff required ten minute breaks from work every forty-five minutes, a limitation that could potentially stem from marijuana usage, which impacts a person's motivation and activity level." (Def.'s MTA (Dkt. No. 28) at 3.) Defendant does not, however, address how plaintiff's marijuana usage could conceivably alter Dr. Scarmon's opinion that plaintiff can only stand and/or walk for two to three hours in an eight hour day, sit for a half an hour without interruption and sit for a total of two hours in an eight hour day. (Tr. at 333.)

3

1  relitigate old matters, or to raise arguments or present evidence that could have been raised prior

2  to the entry of judgment." U.S. Fidelity & Guar. Co. v. Lee Investments LLC, 551 F. Supp.2d

3  1069, 1080-81 (E.D. Cal. 2008). See also Milano v. Carter, 599 Fed. Appx. 767, 768 (9th Cir.

4  2015) ("The district court did not abuse its discretion in denying Milano's motion for

5  reconsideration because Milano did not present newly discovered evidence, show that the district

6  court committed clear error, or identify an intervening change in controlling law. Instead, Milano

7  simply rehashed her previously-rejected arguments.").[4]

8  Defendant also argues that "this Court cites to an x-ray that Dr. Scarmon described in a

9  treatment record dated March 2012, as support for Dr. Scarmon's opinion rendered in July 2011,"

10  and that "[t]his amounts to filling-in-the-blanks for Dr. Scarmon's opinion, which is inappropriate

11  under the regulations; it is the doctor who must support his opinion . . . ." (Def.'s MTA (Dkt. No.

12  28) at 6.)

13  However, the court's March 2, 2015 order granting plaintiff's motion for summary

14  judgment reads, in relevant part, as follows.

15  > Moreover, Dr. Scarmon's opinion indicated that it was supported by objective medical findings, including x-rays and examinations. (Tr. at 333.) In this regard, an August 9, 2009, CT scan of plaintiff's spine revealed "anterior osteophytic spurring and bony bridging at C2-C3" and "fairly marked degenerative disease at the anterior articulation of C1 and C2." (Id. at 258.) Dr. Scarmon's treatment notes referred to plaintiff as suffering from "[s]evere degenerative arthritis," (id. at 334), *and x-rays of plaintiff's lumbosacral spine taken after Dr. Scarmon rendered his opinion* showed "severe degenerative arthritis in [plaintiff's] thoracic and cervical spine as well as lumber spine." (Id. at 336.)

21  (March 2, 2015 Ord (Dkt. No. 24) at 6) (emphasis added).

22  In discussing the x-rays taken after Dr. Scarmon rendered his opinion, the court was not

23  "filling-in-the-blanks" for Dr. Scarmon's opinion, but was instead considering all the evidence of

24  record in assessing the Commissioner's conclusion, as is the court's assigned task. See

25  Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) ("we must consider the entire record

26  as a whole, weighing both the evidence that supports and the evidence that detracts from the

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

Commissioner's conclusion and may not affirm simply by isolating a specific quantum of supporting evidence"); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) ("In determining whether the Commissioner's findings are supported by substantial evidence, we must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."); cf. Burrell v. Colvin, 775 F.3d 1133, 1140 (9th Cir. 2014) ("An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings. Indeed, Dr. Riley's assessments are of the 'check-box' form and contain almost no detail or explanation. But the record supports Dr. Riley's opinions because they are consistent both with Claimant's testimony at the hearing and with Dr. Riley's own extensive treatment notes which, as discussed above, the ALJ largely overlooked.").

Even assuming arguendo that the x-rays taken after Dr. Scarmon rendered his opinion did not exist, that would not change the fact that Dr. Scarmon's July 28, 2011 opinion explicitly stated that it was supported by "x-ray & exam." (Tr. at 333.) That statement by Dr. Scarmon went unchallenged by the ALJ, who rejected the opinion of plaintiff's treating physician, Dr. Scarmon, without providing specific and legitimate reasons for doing so that were supported by substantial evidence.

As the Ninth Circuit has explained,

> If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be entitled to the greatest weight even if it does not meet the test for controlling weight. An ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.
>
> Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical

> opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.

Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014). See also Orn v. Astrue, 495 F.3d 625, 632-33 (9th Cir. 2007) ("Even when contradicted by an opinion of an examining physician that constitutes substantial evidence, the treating physician's opinion is still entitled to deference.").

Finally, defendant argues that "[s]hould the Court decline to affirm the Commissioner's decision . . . the proper remedy is to remand for further administrative action," because there is serious doubt that plaintiff is disabled. (Def.'s MTA (Dkt. No. 28) at 9.) A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021.

Here, the ALJ failed to provide a legally sufficient reason for rejecting the opinion of plaintiff's treating physician, Dr. Scarmon. Moreover, a Vocational Expert testified at the administrative hearing that if the limitations reflected by Dr. Scarmon's opinion were credited as true, the ALJ would be required to find plaintiff disabled on remand. (Tr. at 71-72.) Additionally, in this case the record has been fully developed and further administrative proceedings would serve no useful purpose. See Behling v. Colvin, 603 Fed. Appx. 541, 543 (9th Cir. 2015) ("Based on the vocational expert's hearing testimony, who responded that a person with Behling's limitations would be precluded from sustained work activity, there is substantial evidence to support a conclusion that further proceedings are not required to determine Behling's RFC.")[5]; cf. Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir.

---

[5] See fn 3, above.

6

2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Finally, the record as a whole does not create any serious doubt as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act. In this regard, Dr. Scarmon's opinion sets forth limitations with respect to plaintiff's ability to lift, carry, stand, walk, sit, etc. (Id. at 333.) Dr. Scarmon's opinion is consistent with the objective medical evidence of the record, including examinations, (id. at 334), x-rays, (id. at 223, 238, 336, 340-41), and a CT scan. (Id. at 234, 258.) As noted above, according to the Vocational Expert who testified at the administrative hearing held in this matter, the limitations set forth in Dr. Scarmon's opinion establish that plaintiff is disabled within the meaning of the Social Security Act.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that defendant's motion to alter or amend the judgment (Dkt. No. 28) is denied.

Dated:  September 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\haworth2453.mot.recon.docx