UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. HAWORTH, SR., | No.  2:13-cv-2453-EFB (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $22,389.95 pursuant to 42 U.S.C. § 406(b).[1]  The court previously awarded plaintiff a fee of $7,000.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. 37.  Plaintiff explains that the $22,389.95 equals 25 percent of past benefits due plaintiff.  ECF No. 38 at 3.  Plaintiff entered into a fee agreement with his attorney which provides that plaintiff would pay his attorney 25 percent of any past-due benefits won as a result of the appeal in his case, plus expenses.  ECF No. 38-3 at 1-2.  Plaintiff's counsel submitted a declaration showing that she spent 38.3 hours on plaintiff's case.

/////

---

[1] Defendant has filed a statement of non-opposition to plaintiff's motion.  ECF No. 40.

1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). While 25 percent of past due benefits is the statutory maximum fee, it is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807.

After plaintiff was found disabled, he was awarded past-due benefits. ECF No. 38-1 at 1. Through the instant motion, plaintiff's counsel seeks an award of $22,389.95, which represents 25 percent statutory maximum. *Id.* at 3. Counsel provides that upon receipt of a fee award in the amount of $22,389.95, she will refund the plaintiff the sum of $7,000.00 previously awarded under the EAJA. ECF No. 38 at 3. An award of $22,389.95 based on 38.3 hours of attorney time would constitute an hourly rate of $584.59. Based on the risk of loss taken in representing plaintiff, the quality of counsel's representation, and her experience in the field of Social Security law, the court finds that rate to be reasonable. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (discussing cases where courts granted fees based on hourly rates from $187.55 to $694.44, and awarding effective hourly rate of $450.00). Further, given the result achieved in this case, the court finds the amount of hours expended to be reasonable. Therefore, plaintiff's counsel should be awarded the sum of $22,389.95 in fees pursuant to 42 U.S.C. § 406(b).

/////

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 38) is granted;

2. Plaintiff's counsel is awarded $22,389.95 in fees pursuant to 42 U.S.C. § 406(b); and

3. Upon receipt of the $22,389.95 award, counsel shall refund to plaintiff the sum of $7,000.00 previously awarded under the EAJA.

DATED: June 6, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE